IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARIAH ROBERTS | : | CIVIL ACTION NO. 14-1023 |
| 6085 CHESTER AVENUE | : | |
| PHILADELPHIA, PA 19142 | : | JURY TRIAL DEMANDED |
| | : | FILED |
| VS. | : | |
| | : | MAY 27 2014 |
| DIVINE PROVIDENCE VILLAGE | : | |
| 686 OLD MAPLE ROAD | : | MICHAEL E. KUNZ, Clerk |
| SPRINGFIELD, PA 19064 | : | By _____ Dep. Clerk |

## AMENDED COMPLAINT

### JURISDICTION

1.  This matter is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended

(Title VII) the Pennsylvania Human Relations Act (PHRA) and the Criminal History Records

Information Act (CHRIA) 18 Pa. C.S. S 9125.  Jurisdiction is based on 28 U.S.C. S 1331 and 1343.

Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. S 1367 (a) to hear

and adjudicate state law claims.

### PARTIES

2.  Plaintiff, Zachariah Roberts (from hereinafter, Plaintiff) is a resident of the Commonwealth

of Pennsylvania, and all time relevant to this action, was present in the Commonwealth of

Pennsylvania.

3.  Defendant, Divine Providence Village  (from hereinafter, Defendant) is a privately owned

corporation and/or business, which has an address of 686 Old Maple Road, Springfield, PA 19064, and

all times relevant to this action, did business in the Commonwealth of Pennsylvania.

### ADMINSTRATIVE AGENCY REQUIREMENTS

4.  Plaintiff filed a charge of discrimination with the United States Equal Employment

Opportunity Commission (EEOC) which was cross filed with the Pennsylvania Human Relations

Commission (PHRC) at EEOC Charge No. 530-2013-02973. Plaintiff received a right to sue letter from the EEOC on/around November 30, 2013.

### FACTAUL ALLEGATIONS

5. Plaintiff is of the Black race and of African descent.

6. Plaintiff applied to work for Defendant, for the position of Direct Support Professional at a job fair on/around July 1, 2013; Plaintiff has past work experience as a driver and as a physical therapists aide, working with senior citizens.

7. Plaintiff believed that his initial interview with Defendant went well, and he indicated to it that he was interested in the position of a housekeeper and other related work.

8. Towards the end of the interview referred to in paragraph 8 above, Defendant asked Plaintiff if there was anything on his record that prevent him from employment with it – Plaintiff responded that he did have a criminal record from around 1995-2005, but that he had not been in any trouble since that time, and that he had also completed all requirements related to his arrests, including probation, anger management, etc.

9. Plaintiff also informed Defendant that since he moved to Philadelphia in 2009, that he voluntarily enrolled himself into the Mayor of Philadelphia's "Fatherhood Initiative Program", to improve his chance of finding work.

10. Plaintiff provided Defendant with copies of his federal and state background checks that he had obtained himself, which noted that although he had a record according to Pennsylvania, that he would not be prevented from being hired under Pennsylvania's Child Protective Services law – the Defendant told Plaintiff that it did not know whether his record was a barrier to his employment with it, but that it had to discuss the matter further and let him know.

11. At his interview, referred to in the paragraphs above, Defendant did not inform Plaintiff that there was any problem with his qualifications to perform employment for it, and Plaintiff was qualified to perform the employment for which he applied.

12. On/around July 19, 2013, Plaintiff received correspondence from Defendant, indicating that he would not be hired, because Defendant did not have a position that matched his skills and experience.

13. During his interaction with Defendant, prior to his rejection on /around July 19, 2013, Defendant gave Plaintiff the impression that it was hiring for multiple positions, and that his chances were good of being hired, until he revealed his criminal record.

14. Essentially, Plaintiff's records contained various out of state misdemeanors for which he met all court requirements, and the crimes are not reasonably related to the positions he sought working for Defendant.

15. Plaintiff believes that Defendant also negatively stereotyped whim as a criminal and an active criminal or risk of being a criminal, based on a negative stereotype based on his race – Black, although Plaintiff earnestly informed Defendant that he had turned his life around.

16. Upon information and belief, Defendant has hired white persons who have a criminal record similar or worse than Plaintiffs.

17. At his interview, Plaintiff provided Defendant with various documents regarding his qualifications, including, certification as an emergency medical technician, certificate regarding"FEMA", completion of, degree in "Bachelor in Church Ministry from 2012, degree in Associate of Christian Studies, from 2012, certificate of minister in good standing and other document related to his theological studies and accomplishments.

18. Plaintiff had wanted to work for Defendant as a career.

19. As a result of Defendant's action in denying Plaintiff's employment, due to his race and/or criminal history, Plaintiff suffered economic loss and severe emotional distress.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant and requests the following relief: a. compensatory damages;

b. back pay;

c. front pay;

e. punitive damages;

f. attorney's fees and costs;

g. any other relief the Court deems appropriate.

### FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON RACE

### IN VIOLATION OF TITLE VII

20. Plaintiff incorporates paragraphs 1-19 above, as though fully set forth herein.

21. Plaintiff is Black of African descent.

22.. At all times relevant to this action, Plaintiff was qualified to perform his duties for the employment that he sought with Defendant.; Defendant had openings, and had no reasonable basis to deny employment to Defendant.        .

23. Defendant denied  Plaintiff's employment based on his race and has hired similarly situated personnel as Plaintiff, who were white and lesser qualified white persons.

24. Plaintiff suffered and suffers economic injury and severe emotional distress from Defendant's acts against him.

WHEREFORE, Plaintiff  requests judgment in his favor against Defendant and requests the following relief:

a. compensatory damages;

b. back pay;

c. front pay;

d. punitive damages;

e. attorney's fees and costs;

f. any other relief the Court deems appropriate.

### SECOND CAUSE OF ACTION – VIOLATION OF CHRIA

25. Plaintiff incorporates paragraphs 1-24 above as though fully set forth herein.

26. Plaintiff was denied employment by Defendant because he revealed to it that he had a criminal history.

27. Defendant knew that Plaintiff's criminal history was resolved, and also knew that his record did not relate to his suitability to perform employment for Defendant, and also knew that Plaintiff was well qualified for the positions/work he sought.

WHEREFORE, Plaintiff requests judgment in his favor against Defendant and requests the following relief:

    a.  compensatory damages;

    b.  back pay;

    c.  front pay;

    d.  punitive damages;

    e.  attorney's fees and costs;

    f.  any other relief the Court deems appropriate.

### THIRD CAUSE OF ACTION  - VIOLATION OF THE PHRA

28. Plaintiff incorporates paragraphs 1-27 above as though fully set forth herein

29. The acts described above violate the PHRA pertaining to discrimination based on race.

WHEREFORE, Plaintiff requests judgment in his favor against Defendant and requests the following relief:

    a.  compensatory damages;

    b.  front pay;

    c.  back pay;

    d.  attorney's fees and costs;

    e.  any other relief the Court deems appropriate.

RESPECTFULLY  SUBMITTED,

REGINALD ALLEN, ESQUIRE