**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ZACHARIAH ROBERTS,

                            Plaintiff,

            v.                                              CIVIL ACTION NO. 14-1023

DIVINE PROVIDENCE VILLAGE,

                            Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Divine Providence Village ("Defendant"), by and through its undersigned counsel, hereby responds to the Amended Complaint of Zachariah Roberts ("Plaintiff") as follows:

<u>**ANSWER**</u>

1.      Denied.  The allegations of this paragraph set forth conclusions of law to which no responsive pleading is required.

2.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

3.      Denied as stated.  Defendant, Divine Providence Village, with an address of 686 Old Maple Road, Springfield, Pennsylvania 19064, is operated under the direction of the Developmental Programs division of Catholic Social Services and is owned by the Archdiocese of Philadelphia, which is an archdiocese of the Roman Catholic Church that is organized and exists pursuant to the Code of Canon Law.

4.      Admitted in part, denied in part.  It is admitted only, upon information and belief, that Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 530-2013-02973, which was-cross filed with the PHRC.  To the extent the remaining allegations of this paragraph are deemed factual in nature, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph. To the extent the remaining allegations of this paragraph reference a document in writing, it speaks for itself and any characterization of its content is specifically denied.

5.      Denied as stated.  Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

6.      Admitted in part, denied in part.  It is admitted only, upon information and belief, that Plaintiff applied for employment with Defendant on or around July 16, 2013 for the positions of Direct Support Professional, Paratransit Driver, and Maintenance/House Keeper/Ground Keeper.  To the extent the remaining allegations of this paragraph are deemed factual in nature, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

7.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

8.      Admitted in part, denied in part.  It is admitted only, upon information and belief, that on his "Supplement to Employment Application", Plaintiff disclosed to Defendant that "[b]etween the period of December 1994-September 2006 [Plaintiff] was charged and arrested for domestic assault [and t]he District Court . . . order[ed] that [he] complete anger management and 1 year probation."  To the extent the remaining allegations of this paragraph are deemed

2

factual in nature, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph. By way of further response, during his interview, Plaintiff revealed that after, and in addition to, his arrest and conviction for domestic assault against his then wife for which he served 1 year probation and underwent anger management, Plaintiff was later arrested and convicted for domestic assault a second time as a result of having to "keep his children in line" after he brought his children over from Africa.

9.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

10.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph. To the extent the remaining allegations of this paragraph reference a document in writing, it speaks for itself and any characterization of its content is specifically denied.

11.      Denied as stated. Upon information and belief, it is denied that at his interview Plaintiff was informed that he was qualified to perform the employment for which he applied or that Plaintiff was informed that there were no problems with his qualifications. To the contrary, in his written Application for Employment, Plaintiff referenced one conviction for domestic assault, however, during Plaintiff's interview with Defendant's management team, Plaintiff provided information regarding two domestic assault convictions, and the circumstances leading to same. Therefore, Defendant determined that due to the vulnerability of the individuals trusted to the care of the facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities), Defendant would not make Plaintiff an offer of employment. By way of further answer, upon information and

belief, upon the conclusion of his interview, Plaintiff was informed that he would hear from Defendant's Human Resources Department regarding any decision concerning his application for employment.  Plaintiff was then mailed a postcard the following day documenting Defendant's decision not to hire Plaintiff, which is Defendant's standard practice for all applicants interviewed and not hired.

12.    Admitted in part, denied in part.  It is admitted only that on July 17, 2013, Defendant mailed Plaintiff a postcard documenting its decision not to hire Plaintiff, which is Defendant's standard practice for all applicants interviewed and not hired.  To the extent the remaining allegations of this paragraph reference a document in writing, it speaks for itself and any characterization of its content is specifically denied.

13.    Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph regarding Plaintiff's "impressions".  By way of further response, as set forth above, Defendant conducted an interview of Plaintiff after he indicated on his "Supplement to Employment Application", that"[b]etween the period of December 1994-September 2006 [Plaintiff] was charged and arrested for domestic assault [and t]he District Court . . . order[ed] that [he] complete anger management and 1 year probation."  During his interview, however, Plaintiff revealed that after, and in addition to, his arrest and conviction for domestic assault against his then wife for which he served 1 year probation and underwent anger management, Plaintiff was later arrested and convicted for domestic assault a second time as a result of having to "keep his children in line" after he brought his children over from Africa.  After Plaintiff's interview with the management team, it was determined that due to the vulnerability of the individuals trusted to the care of the facility, *i.e.*, individuals with developmental disabilities with varying degrees of

4

severity (and include those with severe to profound developmental disabilities), Defendant would not make Plaintiff an offer of employment.

14. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph concerning the content or identity of "Plaintiff's records" referred to in this paragraph. To the extent the allegations of this paragraph relate to paper copies of records or records of Plaintiff's criminal history, these records are documents in writing which speak for themselves and any characterization of their contents are therefore denied. Further, to the extent the allegations of this paragraph state conclusions of law, they are denied as such. By way of further response, Defendant avers that the with respect to the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).

15. Denied. To the extent the allegations of this paragraph state conclusions of law, they are denied as such. To the extent the allegations of this paragraph are deemed factual in nature, they are denied. To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria. Plaintiff was denied employment based on lawful, non-discriminatory, reasons. It is specifically

denied that Plaintiff's race played any part in Defendant's employment decision.  Moreover, the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).

16.     Denied.  By way of further answer, it is specifically denied that Plaintiff's race played any part in Defendant's employment decision.

17.     Admitted in part, denied in part.  It is admitted only, upon information and belief, that Plaintiff provided Defendant with a copy of his resume, a completed Employment Application, Employment Application Insert, and Supplement to Employment Application.  As part of his Employment Application, Plaintiff identified that he had taken a six month EMT course for which he had obtained a Certificate.  The remaining allegations of this paragraph are denied.  By way of further response, to the extent that Plaintiff is referring to or attempting to summarize "various documents" allegedly setting forth his "qualifications", "studies" and accomplishments", these materials are documents in writing which speak for themselves and any characterizations of their contents are specifically denied.  To the extent the allegations of this paragraph are conclusions of law, they are denied as such.

18.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

19.     Denied.  To the extent the allegations of this paragraph are conclusions of law, they are denied as such.  To the extent the allegations of this paragraph concerning the reasons

Defendant chose not to hire Plaintiff are deemed factual in nature, they are denied.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, it is specifically denied that Plaintiff's race played any part in Defendant's employment decision.   Moreover, the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).  To the extent the remaining allegations of this paragraph are deemed factual in nature, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

PRAYER FOR RELIEF:  a. – g.  Denied.  To the extent the allegations of this prayer for relief, and its subparts, are conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph, and its subparts, are deemed factual in nature, they are denied. To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Defendant also specifically

7

denies that Plaintiff is legally entitled to, or has asserted the necessary and requisite factual allegations to entitle him to, support a claim for punitive damages.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in its favor, and against Plaintiff, with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

### COUNT I – DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

20.     Defendant incorporates by reference its responses to paragraphs 1-19, as though fully set forth at length herein.

21.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

22.     Denied.  To the extent the allegations of this paragraph contain conclusions of law, they are denied as such.  To the extent the allegations of this paragraph concerning the reasons Defendant chose not to hire Plaintiff are deemed factual in nature, they are denied.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, it is specifically denied that Plaintiff's race played any part in Defendant's employment decision.  To the contrary, the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility,

8

*i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).

      23.     Denied.  To the extent the allegations of this paragraph contain conclusions of law, they are denied as such.  To the extent the allegations of this paragraph concerning the reasons Defendant chose not to hire Plaintiff are deemed factual in nature, they are denied.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, it is specifically denied that Plaintiff's race played any part in Defendant's employment decision.  To the contrary, the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).   By way of further response, of the thirty-two (32) offers of employment Defendant made to applicants for employment opportunities in Defendant's Community Living Arrangements program during the Open House Recruitment Event where Plaintiff applied, Defendant hired twenty-eight (28) Black applicants.

      24.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

By way of further answer, it is specifically denied that Plaintiff is entitled to any recovery from Defendant for any alleged damages claimed in his Amended Complaint.

PRAYER FOR RELIEF:  a. – g.  Denied.  To the extent the allegations of this prayer for relief, and its subparts, are conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph, and its subparts, are deemed factual in nature, they are denied. To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  By way of further answer, Defendant specifically denies that Plaintiff is legally entitled to, or has asserted the necessary and requisite factual allegations to entitle him to, support a claim for punitive damages.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in its favor, and against Plaintiff, with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT II – VIOLATION OF CHRIA

25.     Defendant incorporates by reference its responses to paragraphs 1-24, as though fully set forth at length herein.

26.     Denied.  To the extent the allegations of this paragraph contain conclusions of law, they are denied as such.  To the extent the allegations of this paragraph concerning the reasons Defendant chose not to hire Plaintiff are deemed factual in nature, they are denied.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of

unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, Defendant avers that the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).

27.     Denied.  To the extent the allegations of this paragraph contain conclusions of law, they are denied as such.  To the extent the allegations of this paragraph concerning the reasons Defendant chose not to hire Plaintiff are deemed factual in nature, they are denied.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, the circumstances surrounding Plaintiff's arrests and convictions for domestic assault, and the circumstances and timing of Plaintiff's revelation of same during his application and interview for positions with Defendant, directly relate to the positions for which Plaintiff sought employment, due to the vulnerability of the individuals trusted to the care of Defendant's facility, *i.e.*, individuals with developmental disabilities with varying degrees of severity (and include those with severe to profound developmental disabilities).

PRAYER FOR RELIEF:  a. – g.  Denied.  To the extent the allegations of this prayer for relief, and its subparts, are conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph, and its subparts, are deemed factual in nature, they are denied. To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  By way of further answer, Defendant specifically denies that Plaintiff is legally entitled to, or has asserted the necessary and requisite factual allegations to entitle him to, support a claim for punitive damages.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in its favor, and against Plaintiff, with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

### COUNT III – VIOLATION OF THE PHRA

28.    Defendant incorporates by reference its responses to paragraphs 1-27, as though fully set forth at length herein.

29.    Denied.  The allegations of this paragraph set forth conclusions of law to which no responsive pleading is required.  To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.  Plaintiff was denied employment based on lawful, non-discriminatory, reasons.  By way of further answer, it is specifically denied that Plaintiff's race played any part in Defendant's employment decision.

PRAYER FOR RELIEF:  a. – e.  Denied.  To the extent the allegations of this prayer for relief, and its subparts, are conclusions of law, no responsive pleading is required.  To the extent the allegations of this paragraph, and its subparts, are deemed factual in nature, they are denied. To the contrary, Defendant has adopted a strong stance against all workplace discrimination, and has implemented and expects all employees to adhere to non-discrimination and equal employment policies that explicitly prohibit employees from making any employment decision on the basis of unlawfully discriminatory or prohibited criteria.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in its favor, and against Plaintiff, with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims may be barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

3.      Plaintiff's claims may be barred, in whole, or in part, by the principles of waiver and/or estoppel.

4.      Plaintiff's claims may be barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

5.      Plaintiff's federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by Plaintiff, or the administrative investigation thereof.

13

6.      Plaintiff's claims for relief are barred to the extent that Plaintiff has failed to mitigate such alleged damages.

7.      Plaintiff is not entitled to punitive and/or liquidated damages under Title VII because at no time did Defendant engage in willful discriminatory conduct within the meaning of that statute, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights.

8.      Any conduct by Defendant toward Plaintiff has been based on legitimate, nondiscriminatory reasons, and there is no basis for any claim against Defendant by Plaintiff.

9.      Defendant has at all times exercised reasonable care to prevent discrimination and Defendant has in place policies and practices that ensure that any discriminatory behavior will be promptly corrected if it occurs.

10.     Defendant can consider domestic assault convictions in its hiring decisions under the Criminal History Record Information Act, as they relate to Plaintiff's suitability for employment in the positions for which he applied.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in its favor, and against Plaintiff, with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Jacquelyn J. Ager

Frank R. Emmerich Jr., Esquire
Jacquelyn J. Ager, Esquire
Andrew S. Console, Esquire
Conrad O'Brien PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Phone:  (215) 864-9600
Fax:     (215) 864-9620
Email: femmerich@conradobrien.com
         jager@conradobrien.com
         aconsole@conradobrien.com

*Attorneys for Defendant*

Dated:  June 24, 2014

## <u>CERTIFICATE OF SERVICE</u>

I, Jacquelyn J. Ager, Esquire, hereby certify that I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint to be electronically filed using the CM/ECF System, and notice was given to all parties using this system.


<u>/s/ Jacquelyn J. Ager</u>
Jacquelyn J. Ager, Esquire

Dated:  June 24, 2014